IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD WARGO,<br><br>    Plaintiff,<br><br>  v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | Case No. 1:25-cv-08023<br><br>**Judge Mary M. Rowland**<br><br>**Magistrate Judge Laura K. McNally** |

**DEFAULT JUDGMENT ORDER**

  This action having been commenced by Plaintiff EDWARD WARGO ("Wargo" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Wargo having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

  This Court having entered a preliminary injunction; Wargo having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Wargo has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Wargo's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-424-105 (the "Edward Wargo Work") to residents of Illinois. In this case, Wargo has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Edward Wargo Work. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Edward Wargo Work.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Wargo's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Edward Wargo Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Edward Wargo product or not authorized by Wargo to be sold in connection with the Edward Wargo Work;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine \ Wargo product or any other product produced by Wargo, that is not Wargo's or not produced under the authorization, control, or supervision of Wargo and approved by Wargo for sale under the Edward Wargo Work;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Wargo, or are sponsored by, approved by, or otherwise connected with Wargo; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Wargo, nor authorized by Wargo to be sold or offered for sale, and which bear any of Wargo's copyrights, including the Edward Wargo Work, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online

        marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Edward Wargo Work; and

    b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Edward Wargo Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Edward Wargo product or not authorized by Wargo to be sold in connection with the Edward Wargo Work.

3. Upon Wargo's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Edward Wargo Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Wargo is awarded statutory damages from each of the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful use of infringing Edward Wargo Work on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and First Amended Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, Temu, and Walmart, are hereby released to Wargo as partial payment of the above-identified damages, and Third Party Providers, including Amazon, Temu, and Walmart, are ordered to release to Wargo the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Wargo has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Wargo shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Wargo identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Wargo may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Edward Wargo and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The Two Hundred Two Thousand Dollar ($202,000) surety bond posted by Wargo is hereby released to Wargo or Plaintiff's counsel, JiangIP, LLC 33 W Jackson Blvd, #2W,

Chicago, Illinois, 60604 The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Wargo or Plaintiff's counsel.

This is a Default Judgment.

Dated: September 24, 2025

_Mary M Rowland_
_____

Mary M. Rowland
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | |
| 2 | MeiBangKe |
| 3 | hefeijinmianxinxikejiyouxiangongsi |
| 4 | chenrongjiaju |
| 5 | tan mlo |
| 6 | foshanshipaweizishangmaoyouxiangongsi |
| 7 | |
| 8 | pujiangxianjiayuanfuzhuangyouxiangongsi |
| 9 | LIYONGDIANZI |
| 10 | hjsf sp |
| 11 | DaFengXinXingJianCai |
| 12 | chenjinshui350 |
| 13 | |
| 14 | |
| 15 | KunMingGengHangShangMaoYouXianGongSi |
| 16 | shuaijiangbaihuodian |
| 17 | |
| 18 | RUANWENJIE |
| 19 | |
| 20 | Meuaino Rug Store |
| 21 | FANGYIWANG |
| 22 | |
| 23 | chsdnjvkojesgjioe |
| 24 | LFLSHOP |
| 25 | |
| 26 | |
| 27 | YongFuJianZhuLaoWu |
| 28 | |
| 29 | AngBai |
| 30 | |
| 31 | AVAA1 PTE. LTD. |
| 32 | xiapuxian yixi jiajuyongpin jingyingbu |
| 33 | |
| 34 | |
| 35 | xinruiyanyijoy |
| 36 | GUANGZHOUZHONGYISHANGMAOYOUXIANGONGSI |
| 37 | qingsangtrade |
| 38 | UPSENG |

| # | Name |
|---|---|
| 39 | |
| 40 | |
| 41 | |
| 42 | |
| 43 | AllCustom4U |
| 44 | dasluff |
| 45 | |
| 46 | ZhongYueWen |
| 47 | zhouhang |
| 48 | TunChangWeiBangXianShangMaoYouXianGongSi |
| 49 | HuYiJie Store |
| 50 | XiangzhuKej |
| 51 | BaiHuoShouChangJia |
| 52 | fenzekeji |
| 53 | Cao Famous officials Toys |
| 54 | LuLin |
| 55 | GoodlW |
| 56 | |
| 57 | KuangQi toys store |
| 58 | ZhangYouQing |
| 59 | |
| 60 | |
| 61 | |
| 62 | |
| 63 | |
| 64 | |
| 65 | |
| 66 | |
| 67 | zhoujingtian |
| 68 | |
| 69 | HouYuLongWireless |
| 70 | Chen Leisure clothing |
| 71 | |
| 72 | |
| 73 | |
| 74 | |
| 75 | shenzhenpunongkeji |
| 76 | |
| 77 | |
| 78 | |
| 79 | |

| | |
|---|---|
| 80 | XindaliDirect |
| 81 | |
| 82 | Chenjinli Trading Co., Ltd. |
| 83 | ZhaoSheng toys store |
| 84 | |
| 85 | qiujiemaoyi |
| 86 | |
| 87 | |
| 88 | |
| 89 | |
| 90 | |
| 91 | TimelessTee Styles |
| 92 | LuminousThreads |
| 93 | |
| 94 | The Chic Haven |
| 95 | Rogue Attire |
| 96 | Casual Apparel |
| 97 | Gentle Garments |
| 98 | |
| 99 | Chic Sustainable |
| 100 | VividWears |
| 101 | |
| 102 | HLJP I |
| 103 | Iron Gardenia |
| 104 | JPHZhdd |
| 105 | HLJP J |
| 106 | JPQZ |
| 107 | CWNA |
| 108 | GRYYHL |
| 109 | GAELOOFTER |
| 110 | |
| 111 | X271802'shop |
| 112 | |
| 113 | |
| 114 | |
| 115 | East suncatch |
| 116 | HLJP MTC |
| 117 | YWMinXin |
| 118 | HLJP MTB |
| 119 | HHJIT C |

| | |
|---|---|
| 120 | QL ONLINE |
| 121 | HARBOR CHIC |
| 122 | GLAM DISTRICT ONE |
| 123 | JOLLY GOODIES |
| 124 | ▮▮▮ |
| 125 | ▮▮▮ |
| 126 | aifashionmart |
| 127 | Green Leaf Textile |
| 128 | JPZJAA |
| 129 | JPHH |
| 130 | HLJP MJ |
| 131 | HLJP JJ |
| 132 | HLJP E |
| 133 | WH Baijie cloth |
| 134 | Tin Signs Art |
| 135 | Jiujinguniang |
| 136 | There are blankets at home |
| 137 | ▮▮▮ |
| 138 | ShangYuKe |
| 139 | KKOU |
| 140 | Zhiyuan Ltd |
| 141 | Customize it |
| 142 | ZhiH Home textiles |
| 143 | WeiweiTMShop |
| 144 | ▮▮▮ |
| 145 | SXXJWSMKJ |
| 146 | Wanhui Textile Co Ltd |
| 147 | ▮▮▮ |
| 148 | HLJP D |
| 149 | Cfchaowu |
| 150 | HLJP FF |
| 151 | ▮▮▮ |
| 152 | ▮▮▮ |
| 153 | CSSJT |
| 154 | Nais Home Textile |
| 155 | ▮▮▮ |
| 156 | ▮▮▮ |
| 157 | BIG rug shop |
| 158 | ▮▮▮ |

| | |
|---|---|
| 159 | HLJP II |
| 160 | |
| 161 | |
| 162 | JiajiaupupC |
| 163 | |
| 164 | Dream Pillow Pavilion |
| 165 | Hami Arter |
| 166 | TIKTONG |
| 167 | Childhood home textile living |
| 168 | |
| 169 | MIDOULIFESHOP |
| 170 | |
| 171 | Jin money |
| 172 | The King of Pillow Cover |
| 173 | Lidou Home |
| 174 | |
| 175 | |
| 176 | JUX Lucky Carpet |
| 177 | |
| 178 | Mannuodi |
| 179 | |
| 180 | Laicaiyi |
| 181 | M Digital printing |
| 182 | SIWU K |
| 183 | Mingrenfang |
| 184 | Empress of Floor Mat |
| 185 | CJ CHENG JIA |
| 186 | BespokeBreeze |
| 187 | Hxd tian |
| 188 | |
| 189 | S Soft Dream |
| 190 | Recommend items |
| 191 | WanLin E Commerce |
| 192 | BIG DESl |
| 193 | |
| 194 | |
| 195 | Dimengyongpin |
| 196 | |
| 197 | Aha Decoration |

| | |
|---|---|
| 198 | ███████████████ |
| 199 | YL Home Life |
| 200 | Eliya Life Pavilion |
| 201 | Online Fashion Pillow Cover |
| 202 | Yongxing cloth art |